**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2545 |
| Plaintiff - Appellee, | D.C. No. 2:18-cr-01172-JJT-1 |
| v. | MEMORANDUM[*] |
| JOSHUA IAN CELNIK, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted November 19, 2025
Phoenix, Arizona

Before: HAWKINS, HURWITZ, and COLLINS, Circuit Judges.

Joshua Ian Celnik appeals his conviction for distribution and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review de novo Celnik's contentions that the admission of exhibits and testimony violated his rights under the Confrontation Clause, but we review any underlying factual determinations only for clear error. *See United States v. Alahmedalabdaloklah*, 94 F.4th 782, 816 (9th Cir. 2024). We review a district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court's evidentiary rulings for abuse of discretion. *See United States v. Meyers*, 847 F.2d 1408, 1411 (9th Cir. 1988).

a. Celnik challenges the admission of certain logs created by the "Torrential Downpour" software program that law enforcement used to investigate suspected child pornography available for sharing from Celnik's computer. We reject his contentions.

The district court did not clearly err in concluding, after a hearing held under Federal Rule of Evidence 104, that the challenged Torrential Downpour logs (Exhibits 9–12) reflected the "output of the program" in logging the activities that the Torrential Downpour program had conducted in response to the IP address and Torrent file hash values that were supplied to it. In light of the record evidence and testimony, the district court also did not clearly err in finding that these outputs were produced by the program's "coded instructions over which humans have no discretion once that program is written, compiled, and linked." Celnik emphasizes that the IP address and hash values that were supplied to the program may have been input manually by a human user of the program who had since died, but the district court correctly held that, even if that was true, it would not present a hearsay problem. The logs say nothing about the significance of the unadorned strings of characters that constitute the IP address or the Torrent file hash values; it merely reflects that, when Torrential Downpour was fed those characters (from

2

whichever source, human or computer), a series of logged computer-to-computer interactions occurred. Because the logs merely reflect a machine program's statements about its own operations after receiving those inputs, and those logged operations were made "without any human intervention," the logs do not involve a "statement as defined by the hearsay rule" or a testimonial statement under the Confrontation Clause. *United States v. Lizarraga-Tirado*, 789 F.3d 1107, 1110 (9th Cir. 2015).

At best, the meaning or significance of the relevant inputs presents an issue of foundation or authentication, not hearsay. That is, the logs are not relevant unless a foundation is established as to the significance of any particular IP address or Torrent file hash value that was input into the program, thereby producing the outputs reflected in the program's logs. That foundation was independently and adequately established here. The IP address listed on the logs was independently shown to be associated with Celnik through the testimony of an employee of his internet provider. The Torrent file hash values that were input were separately shown to be associated with particular images of child pornography. Accordingly, Exhibits 9–12 were properly admitted.

b. Celnik also claims that Exhibits 8, 91, and 114–15 were admitted in violation of the hearsay rules and the Confrontation Clause. There was no error. The district court carefully questioned Detective Erdely about Exhibits 114 and

115 (only the latter of which was admitted at trial), and he explained that he created these exhibits, which reflected the hash values that he determined to be associated with the particular listed files located on Celnik's devices during a forensic examination. The foundation for those files was established through the testimony of Agent Cullen, who conducted a forensic examination of the files on imaged copies of those devices and explained the process for validating such device images made by someone else. Exhibit 8, which was a summary chart of computer file information prepared by Agent Cullen, was properly admitted under Federal Rule of Evidence 1006 "for the purpose of assisting the jury in evaluating voluminous evidence," namely, the considerable computer detail reflected in that exhibit. *United States v. Anekwu*, 695 F.3d 967, 982 (9th Cir. 2012); *see also United States v. Aubrey*, 800 F.3d 1115, 1130 (9th Cir. 2015). And Exhibit 91 is simply the output of a computer program used by Agent Cullen, and it is therefore not hearsay. *Lizarraga-Tirado*, 789 F.3d at 1110.

2. Celnik contends that, under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and Federal Rule of Evidence 702, the district court improperly permitted Agent Cullen to offer rebuttal testimony in response to Celnik's testimony in his own defense. Because Celnik did not object to Agent Cullen's testimony on these grounds in the district court, our review is for plain error. *See Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1113 (9th Cir. 2012)

4

(stating that *Daubert* objections are forfeited if not raised at trial); FED. R. CRIM. P. 52(b). Celnik concedes that Agent Cullen was qualified to testify as an expert concerning the "relevant computer programs," but he argues that Agent Cullen's "methodology" was not subjected to the reliability analysis required under Rule 702. However, on plain error review, Celnik has the burden to establish a plain error that prejudiced his substantial rights, *see United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1189 (9th Cir. 2013), and he has not done so. Notably, after Celnik objected that he had insufficient time to prepare for cross-examination of Agent Cullen on rebuttal, the district court agreed to re-open Agent Cullen's cross-examination and to allow questioning on the full scope of his direct rebuttal testimony. But even having been granted that opportunity in the district court, Celnik on appeal has failed to show that Cullen's testimony was plainly unreliable and that Celnik's substantial rights were prejudiced by its admission. Celnik's conclusory contention that the testimony's reliability was "far from certain" does not suffice.

3. Celnik argues that the prosecutor committed misconduct in closing argument by twice asserting that the evidence showed that Celnik had a sexual interest in children and that, as a result of this asserted misconduct, his "mistrial request should have been granted." But no such mistrial request was made in the district court. On the contrary, Celnik's counsel affirmatively stated that he was

5

making a "strategic" judgment and was "not going to elect a mistrial." Instead, he asked only for a "curative instruction." The district court agreed to give such an instruction and, after the district court recited its proposed instruction, Celnik's counsel approved it. On appeal, Celnik does not identify any defect in that instruction, but he instead takes the position that the asserted misconduct could only be addressed by a mistrial. Because Celnik made a conscious, strategic decision not to request a mistrial and to instead request—successfully—a curative instruction, there is no objection preserved for our review. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc) (stating that a defendant may not raise an objection to jury instructions on appeal, even for plain error, when the record reflects that the defendant "intentionally relinquished a known right").

**AFFIRMED.**